904 F.2d 707
 134 L.R.R.M. (BNA) 2568
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
F.O. JR., INC. d/b/a Hayden Bi-Rite, Respondent.
 No. 90-5478.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1990.
 
 1
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and JOHN W. POTTER, District Judge*.
 
 
 2
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 3
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, F.O. Jr., Inc. d/b/a Hayden Bi-Rite, East Cleveland, Ohio, its officers, agents, successors, and assigns, enforcing its order dated February 7, 1990, in Case No. 8-CA-21360, and the Court having considered the same, it is hereby
 
 
 4
 ORDERED AND ADJUDGED by the Court that the Respondent, F.O. Jr., Inc. d/b/a Hayden Bi-Rite, East Cleveland, Ohio, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 5
 (a) Failing to make contractually required payments to the Employee Benefit Funds, or their successors.
 
 
 6
 (b) Failing to submit required contribution reports in a timely manner.
 
 
 7
 (c) Failing to provide the Union with prior notice of and an opportunity to bargain about the matters set forth in paragraphs 1(a) and (b) above.
 
 
 8
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 9
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 10
 (a) Make the contractually required contributions to the Employee Benefit Funds, or their successors, that it unlawfully failed to make since May 1, 1988,in the manner set forth in the remedy section of the Board's Decision.
 
 
 11
 (b) Submit required contribution reports in a timely manner.
 
 
 12
 (c) Provide the Union with notice and an opportunity to bargain about any anticipated failure to make contractually required contributions to the Employee Benefit Funds or to submit required contribution reports in a timely manner.
 
 
 13
 (d) Make whole the unit employees in the manner set forth in the remedy section of the Board's Decision.
 
 
 14
 (e) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amounts due under the terms of this Judgment.
 
 
 15
 (f) Post at its facility in East Cleveland, Ohio, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 8, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 16
 (g) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 17
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 18
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 19
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 20
 WE WILL NOT fail to make contractually required payments to the Employee Benefit Funds, or their successors.
 
 
 21
 WE WILL NOT fail to submit required contribution reports in a timely manner.
 
 
 22
 WE WILL NOT fail to provide the Union with prior notice of and an opportunity to bargain about the above matters.
 
 
 23
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 24
 WE WILL make the contractually required contributions to the Employee Benefit Funds, or their successors, that we unlawfully failed to make since May 1, 1988.
 
 
 25
 WE WILL submit required contribution reports in a timely manner.
 
 
 26
 WE WILL provide the Union with notice of and an opportunity to bargain about any anticipated failure on our part to make contractually required contributions to the Employee Benefit Funds or to submit required contribution reports in a timely manner.
 
 
 27
 WE WILL make whole the unit employees, with interest, for any expenses ensuing from our unlawful failure to make contractually required payments to the Employee Benefit Funds, or their successors.
 
 F.O. JR., INC., d/b/a HAYDEN BI-RITE
 
 28
 (Employer)
 
 Dated __________ By ____________________
 
 29
 (Representative) (Title)
 
 
 30
 This is an official notice and must not be defaced by anyone.
 
 
 31
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 1240 E. 9th Street, Room 1695, Cleveland, Ohio 44199-2086, Telephone 522-522-3715.
 
 
 
 *
 The Honorable John W. Potter, U.S. District Judge for the Northern District of Ohio, sitting by designation